```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS RICE,
                                                    09-CV-6391T

                    Plaintiff,

        v.                                          DECISION
                                                    and ORDER
WAYNE BEHAVIORAL HEALTH NETWORK,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Thomas Rice, "Rice", brings this action against defendant Wayne Behavioral Health Network ("Wayne Health") claiming that he has been discriminated against on the basis of his disability status in violation of Americans with Disabilities Act ("ADA"). Plaintiff also contends that he was retaliated against for exercising his rights under the Family and Medical Leave Act ("FMLA") and that the defendant interfered with his attempts to exercise his rights under that law. Specifically, plaintiff claims that he suffers from bi-polar disorder and a coronary heart disorder, and that he was forced to resign his employment after taking medical leave.

Defendant denies the plaintiffs allegations, and moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that he has failed to state a claim upon which relief can be granted. In support of its motion, the defendant contends that: (1) it is not a legal entity capable

of being sued by the plaintiff; (2) plaintiff has failed to state a claim for the violation of the FLMA; (3) plaintiff has failed to state a claim for the violation of the ADA; and (4) plaintiff may not raise any New York State Law claims because he failed to file a notice of claim with Wayne County. Plaintiff opposes defendant's motion, and seeks leave to amend his Complaint to name the proper entity as a defendant.

For the reasons set forth below, I grant defendant's motion to dismiss the Complaint without prejudice, and grant in-part plaintiff's motion to file an Amended Complaint.

## BACKGROUND

According to the Complaint, plaintiff began his employment with Wayne Health as a Network Specialist in April 2007. Based on the defendant's response papers, however, it appears that plaintiff was actually employed with Wayne Health since April 1997. Plaintiff claims that his employer was aware that he suffered from a heart condition and bi-polar disorder. Sometime in mid-April, 2007, plaintiff claims that he took a leave of absence (for an unspecified period of time) from his employment due to his bi-polar disorder. He claims that when he returned to work, he was treated differently, and was considered suicidal by his supervisors. He claims that as a result of their misperception of his condition, he was relieved of most of his job responsibilities, was not allowed to work with his door closed, and was forced to undergo a

psychiatric evaluation. Rice claims that as a result of the stress caused by the defendant's actions, he took another leave of absence on October 17, 2007. According to the defendant, he returned to work on or about January 2, 2008.

Upon plaintiff's return to work, he claims that he was given an ultimatum to either resign or be fired. On January 9, 2008, plaintiff resigned from his employment. In his resignation letter, plaintiff indicated that the resignation was on amicable terms. One week later, however, plaintiff wrote a follow-up letter indicating that he believed he had been constructively discharged.

## DISCUSSION

I. Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

II. Improper Defendant

Plaintiff filed the instant action against the Wayne Behavioral Health Network, which plaintiff contends is a business corporation organized under New York law. According to the defendant, however, Wayne Health is a department of Wayne County, New York, and as such, lacks the capacity to be sued.

It is well settled that a department of a municipality may not, under New York State law, sue or be sued. See Loria v. Town of Irondequoit, 775 F.Supp. 599, 606 (W.D.N.Y., 1990)(Telesca, J.) (Pursuant to Fed.R.Civ.P. 17, New York law governs the capacity of a municipal department to sue or be sued, and provides that

departments which are merely administrative arms of a municipal corporation, do not have a legal identity separate and apart from the town)(citing Brockport v. County of Monroe Pure Waters Div., 75 A.D.2d 483, 486 (4th Dep't 1980), aff'd, 54 N.Y.2d 678 (1981); Belinson v. Sewer District No. 16 of the Town of Amherst, 65 A.D.2d 912 (4th Dep't 1978)). Because the Wayne Behavioral Health Network is a department of Wayne County, I find that it lacks the capacity to be sued, and therefore I grant defendant's motion to dismiss the Complaint without prejudice.

### III. FMLA Claims

The Family Medical Leave Act, codified at 29 U.S.C. §§ 2601, et seq., entitles eligible employees to a total of 12 workweeks of leave during any 12-month period due to, inter alia, a serious health condition which interferes with the employee's ability to perform his job. 29 U.S.C. § 2612(a).

Rice claims that his rights under the FMLA were interfered with by the defendant, and that he was retaliated against for asserting or attempting to assert his rights under the FMLA. "To make out a prima facie case on a claim for interference with FMLA rights under 29 U.S.C. § 2615(a)(1), a plaintiff must establish five elements: "(1) that she is an eligible employee under the FMLA; (2) that defendant is an employer as defined in [the] FMLA; (3) that she was entitled to leave under [the] FMLA; (4) that she gave notice to the defendant of her intention to take leave; and

(5) that she was denied benefits to which she was entitled under [the] FMLA." Geromanos v. Columbia Univ., 322 F.Supp.2d 420, 427 (S.D.N.Y.2004); Lee v. Heritage Health & Housing, Inc., 2009 WL 3154314, *9 (S.D.N.Y., September 30, 2009). "To state a prima facie case for retaliation [under the FMLA], the plaintiff must show: (1) she exercised rights protected under the FMLA; (2) she was otherwise qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." Brown v. The Pension Boards, 488 F.Supp 2d. 395 (S.D.N.Y. 2007).

In the instant case, plaintiff has failed to plead that he gave notice to the defendant of his intention to take leave under the FLMA; that he took FMLA leave, or that he was denied benefits to which he was entitled under the FMLA. In paragraph ten of the Complaint, he claims that he "went on leave due to his bi-polar disorder" but fails to state that he exercised or attempted to exercise his rights under the FMLA. In paragraph 19 of the Complaint, plaintiff claims that "he was taken off of work on October 17, 2007 by his doctor due to the stress of defendant's [allegedly discriminatory] actions." Again, plaintiff fails to state that he invoked or attempted to invoke FMLA leave during this second leave period. The only allegation suggesting that plaintiff

attempted to use rights under the FMLA is made in the ambiguous claim, found in paragraphs 27 and 32 of the Complaint, that:

> the defendant used the taking of the FMLA by the Plaintiff as a negative factor in the employment action of refusing Plaintiff to structure his time off to care for his bi-polar disorder and coronary heart disorder, placing him on involuntary FMLA leave in lieu of providing a reasonable accommodation to his known disabilities.

This allegation suggests that the defendant retaliated against the plaintiff's taking of FMLA leave by not allowing him to structure his leave in the manner he wished, and by forcing him to take FMLA leave. The claim is thus contradictory, but more importantly, fails to allege that the plaintiff affirmatively attempted to exercise his rights under the FMLA, or that his right to do so was interfered with by the defendant, or that exercising such rights led to retaliation. I therefore find that plaintiff has failed to state a claim upon which relief can be granted with respect to his FMLA claims, and I dismiss those claims without prejudice.

IV. ADA Claims

Plaintiff alleges that he was discriminated against by the defendant on the basis of his alleged disabilities of a heart disorder and bi-polar disorder. To state a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that (1) he is a handicapped person within the meaning of the ADA; (2) he is otherwise qualified to perform the duties of his former job; (3)

adverse employment action was taken against him because of his handicap; and (4) that his employer is subject to the anti-discrimination provisions of the ADA.  See Joyce v. Suffolk County, 911 F.Supp. 92, 94 (E.D.N.Y. 1996) (citations omitted).  A handicapped person under the ADA is a person that suffers from a disabling condition that substantially limits one or more of the major life activities of that individual, or is regarded as having such a condition by his or her employer.

I find that plaintiff has stated a claim for discrimination under the ADA.  Rice has alleged that he has a disabling condition or was thought by his employer to have such a condition.  He has alleged that he was qualified for his position, and indeed had a "stellar" work record.  He claims that adverse action was taken against him either because he suffers from a disability, or was perceived as suffering from a disability, and he has alleged that the defendant is subject to the anti-discrimination provisions of the ADA.

Defendant contends that plaintiff's complaint is deficient because plaintiff fails to allege that he suffers from a disability that substantially limits his performance of any major life activity, or that he was qualified to perform his duties with or without reasonable accommodation.  I find, however, that plaintiff's allegation of suffering from a disability, or being perceived as suffering from a disability, sufficiently pleads that

element of a cause of action for discrimination.  Whether or not his alleged disabilities constitute disabilities under the ADA is a question not ripe for adjudication at this stage of the proceeding.  I further find that when taken as a whole, and read in the light most favorable to the plaintiff, the Complaint sufficiently alleges that the plaintiff was capable of performing his duties.  Plaintiff alleges that he maintained a "stellar" work record with the defendant, and that there were no reasons for the actions taken against him.  These allegations, while perhaps not artful, are sufficient to put the defendant on notice of plaintiff's ADA claim.  I therefore find that plaintiff has sufficiently alleged a cause of action under the ADA.  However, because I have granted defendant's motion to dismiss based on the defendant being improperly named, plaintiff shall be required to reallege his ADA claim in any Amended Complaint.

    V.   <u>New York Human Rights Law Claims</u>

Plaintiff's Fourth cause of action alleges in the caption that it is being made pursuant to New York State Executive Law Section 290 et. seq.  The allegations following that caption, however, fail to mention any provision of New York State law, and instead, include the same ADA claim found in Count Three of the Complaint.  Because this count fails to allege any violation of New York State Law, I grant, without prejudice, defendant's motion to dismiss this count of the Complaint.

CONCLUSION

For the reasons set forth above, I grant defendant's motion to dismiss, and dismiss plaintiff's complaint without prejudice. I grant in-part Plaintiff's motion to Amend. Plaintiff may amend his Complaint, but may not file the proposed amended complaint attached to his motion. That proposed amended complaint, with the exception of naming the proper party, suffers from the same deficiencies (as set forth above) as does the original Complaint. Plaintiff shall have 20 days from the date of this Order to file an amended complaint should he so choose.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         March 3, 2010