```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS RICE,
                                                    09-CV-6391T

                        Plaintiff,

            v.                                      DECISION
                                                    and ORDER
WAYNE COUNTY,

                        Defendant.
_____
```

## Introduction

The original Complaint in this action named the Wayne Behavioral Health Network as a defendant. However, by Decision and Order dated March 3, 2010, I granted defendant Wayne Behavioral Health Network's motion to dismiss this case on grounds that it was an entity of a county government that lacked the capacity to be sued. I further held that plaintiff's Complaint failed to adequately allege a cause of action under the Family and Medical Leave Act ("FMLA"); and failed to allege a cause of action under the New York Human Rights Law, because the allegations set forth alleging a violation of that law were directed towards the federal Americans with Disabilities Act, and not New York State law. The Complaint was dismissed without prejudice to allow the plaintiff to name the correct defendant, and to cure the pleading deficiencies.

At the time I granted defendant's motion to dismiss portions of the Complaint, I granted, in-part, Plaintiff's motion to Amend his Complaint to comport with the law. I held that while plaintiff

was free to amend his Complaint, he could not file the proposed Amended Complaint because it contained several of the same critical deficiencies as the original Complaint. Thereafter, the plaintiff filed an Amended Complaint. On July 27, 2010, I also denied plaintiff's motion requesting that my March 3, 2010 Decision and Order be corrected.

The defendant now moves to dismiss three of the four counts of of plaintiff's Amended Complaint on grounds that each cause fails to state claims upon which relief can be granted. Specifically, the defendant moves to dismiss plaintiff's claims under the New York State Human Rights Law, and claims for interference and retaliation under the FMLA. For the reasons set forth below, I grant defendant's motion to dismiss plaintiff's New York State Human Rights Law claims and claims for interference under the FMLA, but deny defendant's motion to dismiss plaintiff's claim for retaliation under the FMLA.

**Background**

The following facts were set forth in my July 27, 2010 Decision and Order. Plaintiff began his employment with the Wayne Behavioral Health Network as a Network Specialist in April 1997. Rice claims that his employer was aware that he suffered from a heart condition and bi-polar disorder. Sometime in mid-April, 2007, plaintiff claims that he took a leave of absence (for an unspecified period of time) from his employment due to his bi-polar

disorder. He claims that when he returned to work, he was treated differently, and was considered suicidal by his supervisors. He claims that as a result of their misperception of his condition, he was relieved of most of his job responsibilities, was not allowed to work with his door closed, and was forced to undergo a psychiatric evaluation. Rice claims that as a result of the stress caused by the defendant's actions, he took another leave of absence, this time pursuant to the FMLA, on October 17, 2007. According to the defendant, he returned to work on or about January 2, 2008.

Upon plaintiff's return to work, he claims that he was given an ultimatum to either resign or be fired. On January 9, 2008, plaintiff resigned from his employment. In his resignation letter, plaintiff indicated that the resignation was on amicable terms. One week later, however, plaintiff wrote a follow-up letter indicating that he believed he had been constructively discharged. He now seeks damages for discrimination against him under the ADA, FMLA, and the New York Human Rights law.

**Discussion**

I. Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New

York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

II. FMLA Claims

The Family Medical Leave Act, codified at 29 U.S.C. §§ 2601, et seq., entitles eligible employees to a total of 12 workweeks of leave during any 12-month period due to, inter alia, a serious

health condition which interferes with the employee's ability to perform his job. 29 U.S.C. § 2612(a). The FMLA further prohibits employers from discriminating against employees on the basis of their exercising their rights under the FMLA. Rice claims that the defendant both interfered with his attempts to exercise his rights under the FMLA, and retaliated against him on the basis of his use of FMLA leave time. I discuss these claims seriatim.

A. Interference with FMLA Rights

Rice claims that his rights under the FMLA were interfered with by the defendant. As I stated in my July 27, 2010 Decision and Order, to make out a prima facie case for a claim of interference with FMLA rights under 29 U.S.C. § 2615(a)(1), a plaintiff must establish five elements: "(1) that [he] is an eligible employee under the FMLA; (2) that defendant is an employer as defined in [the] FMLA; (3) that [he] was entitled to leave under [the] FMLA; (4) that [he] gave notice to the defendant of [his] intention to take leave; and (5) that [he] was denied benefits to which [he] was entitled under [the] FMLA." Geromanos v. Columbia Univ., 322 F.Supp.2d 420, 427 (S.D.N.Y.2004); Lee v. Heritage Health & Housing, Inc., 2009 WL 3154314, *9 (S.D.N.Y., September 30, 2009).

I dismissed plaintiff's original FMLA interference claim because the original claim failed to allege that Rice gave notice to the defendant of his intention to use FMLA leave, and because Rice failed to allege that he was denied any benefit to which he

was entitled under the FMLA. While Rice has cured the former defect, he has not cured the later. The plaintiff fails to allege that he was denied any benefit to which he was entitled under the FMLA. To the extent that plaintiff claims he was retaliated against for taking FMLA leave, and thus his rights to use FMLA leave were interfered with, such an allegation alleges a cause of action for retaliation, not interference with FMLA rights.

I therefore find that plaintiff has failed to state a claim upon which relief can be granted with respect to his FMLA claim of interference, and I dismiss that claim without prejudice.

B. <u>Retaliation</u>

As I stated in my July 27, 2010 Decision and Order, "To state a prima facie case for retaliation [under the FMLA], the plaintiff must show: (1) [he] exercised rights protected under the FMLA; (2) [he] was otherwise qualified for h[is] position; (3) [he] suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." <u>Brown v. The Pension Boards</u>, 488 F.Supp 2d. 395 (S.D.N.Y. 2007).

In the instant case, the plaintiff alleges that he exercised rights under the FMLA, that he was qualified for the position he held until his resignation, that he was forced to resign his employment under threat of termination of his employment, and that the forced resignation occurred immediately upon his return from

taking FMLA leave. Accordingly, I find that plaintiff has stated a claim for retaliation under the FMLA.

The defendant contends the plaintiff has failed to state a claim for retaliation because he has failed to contend that the alleged adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. It is well settled, however, that allegations of retaliation occurring in close temporal proximity to an employee's exercising of federally protected employment rights satisfies the pleading requirement of alleging retaliation under circumstances giving rise to an inference of discrimination. <u>Kaytor v. Electric Boat Corp.</u>, 609 F.3d 537, 552 (2d Circ., 2010) ("Close temporal proximity between the plaintiff's protected action and the employer's adverse employment action may in itself be sufficient to establish the requisite causal connection between a protected activity and retaliatory action")(citations omitted). Accordingly, I find that plaintiff has sufficiently stated a claim for retaliation under the FMLA.

III. <u>New York State Human Rights Law Claims</u>.

Plaintiff alleges that he was discriminated against on the basis of his disability or perceived disability in violation of the New York State Human Rights Law, codified at Section 290 et. seq. of the New York State Executive Law. However, prior to bringing a Human Rights Law claim against a county, a plaintiff must first

file a notice of claim with the county within 90 days of the last act giving rise to the claim. See New York County Law § 52 (providing that any claim or notice of claim against a county for damage must be made and served in compliance with section fifty-e of the general municipal law[1]).

In the instant case, Rice did not file a notice of claim with the County, and as a result, he may not proceed with his New York Human Rights Law claim against the County.

The plaintiff contends that no notice of claim is required to be filed because several New York Courts, and Federal Courts interpreting New York law have held that the notice of claim requirement does not apply to discrimination claims. While it is true that there is a split of authority as to whether or not the notice of claim requirement applies to discrimination actions commenced pursuant to Section 50-e of the New York General Municipal Law (which provides only that tort actions are subject to the notice of claim requirements), there is no such split of authority with respect to actions against Counties subject to Section 52 of the New York County Law, because Section 52 is a "much broader statute than General Municipal Law 50-e" and rather than being restricted to causes of action sounding in tort, Section

---

[1] Section 50-e of the New York General Municipal Law requires the filing of a notice of claim within 90 days of when the claim arises. Section 50-i prevents any action from being commenced against a municipality unless the plaintiff has complied with the notice of claim requirement.

52 applies to <u>any</u> action for damages brought against a county. I thus find that plaintiff was required to serve a notice of claim upon the defendant Wayne County, and his failure to do so precludes him from bringing his New York Human Rights Law claim.

The plaintiff further contends that no notice of claim was required because he filed a charge of discrimination with the Equal Employment Opportunity Commission, and such a charge satisfies the notice of claim requirement set forth in the New York County and General Municipal laws. In support of his claim, plaintiff cites <u>Kushner v. Valenti</u>, 285 F.Supp.2d 314 (E.D.N.Y., 2003), in which the court held that an EEOC claim may satisfy notice provisions set forth in the New York Education Law. <u>Kushner</u>, however, dealt with notice of claim requirements set forth in the New York Education law, not, as in this case, requirements set forth in the New York General Municipal and County laws. <u>See</u> <u>Cody v. County of Nassau</u>, 577 F.Supp.2d 633, 648-49 (distinguishing <u>Kushner</u> as being limited to claims under the New York Education Law, and noting the lack of authority for the proposition that an EEOC Complaint satisfies the notice requirement of the New York General Municipal Law.)

Plaintiff also cites <u>Donlon v. Board of Education of the Greece Central School District</u>, 2007 WL 108470 (W.D.N.Y., January 12, 2007), a case that I decided, in support of his claim that his EEOC Complaint satisfies the Notice of Claim requirements of the New York General Municipal and County laws. Like <u>Kushner</u>, however,

Donlon dealt only with the notice requirements of the New York Education law, and therefore, has no bearing on the instant matter, which is brought pursuant to County Law. Because an EEOC charge does not satisfy the notice of claim requirment set forth in Section 52 of the New York County Law, I find that plaintiff has failed to provide the defendant with a proper notice of claim, and therefore may not proceed with his Human Rights Law claim.

Finally, plaintiff contends that the notice of claim requirement should be waived in this case because he is attempting to vindicate important rights that are within the public interest. While there is an exception to the notice of claim requirement that allows a plaintiff to bring an action under the New York Human Rights law despite failing to file a notice of claim where the plaintiff is seeking to vindicate important rights that are within the public interest, in the instant case, plaintiff is merely seeking damages for alleged discrimination that was directed only to him. See Atkins v. County of Orange, 251 F.Supp.2d 1225, 1235 (S.D.N.Y., 2003)(plaintiff seeking individual remedies failed to establish that his action was intended to vindicate public rights).

Accordingly, I find that plaintiff's Human Rights Law claims must be dismissed with prejudice for plaintiff's failure to file a notice of claim as required under the New York County Law.

## Conclusion

For the reasons set forth above, I grant defendant's motion to dismiss plaintiff's interference claims under the FMLA, and New York State Human Rights Law claims. I deny defendant's motion to dismiss plaintiff's retaliation claim under the FMLA.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

DATED: Rochester, New York
November 30, 2010